307 So.2d 692

**John WATWOOD**

**v.**

**R. R. DAWSON BRIDGE CO., INC., a corp., et al.**

**SC 911.**

Supreme Court of Alabama.

Feb. 6, 1975.

Knight, Knight & Griffith and Hogan, Smith & Alspaugh and John F. Kizer, Jr., Birmingham, for appellant.

**580**

Huie, Fernambucq, Stewart & Smith, Birmingham, R. R. Dawson Bridge Company, Inc., for appellee.

London, Yancey, Clark & Allen, Biringham, for appellee, Bellamy Brothers, Inc.

FAULKNER, Justice.

This is an appeal from a summary judgment in a negligence action. The plaintiff-appellant, John Watwood, was employed by Bellamy Brothers, Inc. as a construction worker. In August, 1971, Bellamy was under subcontract to the R. R. Dawson Bridge Company for work on a portion of Interstate 65. While on this job, Watwood had occasion to use a power saw provided him by his employer, Bellamy Brothers. The saw was devoid of any retractable safety guard, and Watwood's right leg was severely cut when the saw "kicked back" on him. Watwood filed a suit in the Circuit Court for the Tenth Judicial Circuit in Jefferson County on July 20, 1972. A pertinent part of the complaint reads as follows:

> "Plaintiff further avers and alleges that all of his injuries and damages are as a proximate consequence of the aforesaid negligence of the defendants in negligently causing, negligently permitting, and negligently allowing the Plaintiff to use said unsafe power saw, *as aforesaid,* in violation of the Federal Safety and Health Regulations for Construction, hence this suit." (Emphasis added.)

In the initial complaint, only Dawson was specifically named as a defendant. Later an amendment substituted Bellamy Brothers for the defendant designated "B" in the complaint. Bellamy moved to have itself struck from the suit, and the trial court granted the motion. However, Dawson later filed a third party complaint naming Bellamy as a third party defendant. On October 24, 1973, Dawson filed a motion for summary judgment based upon the pleadings, affidavits, the contracts involved, and the Safety and Health Regulations for Construction, 29 C.F.R. 1926 et seq. (Supp.1973). These regulations were adopted pursuant to the Occupational Safety and Health Act, 29 U.S.C. §§ 651–678 (1970) (hereinafter "OSHA"). Summary judgment was granted for the defendant and this appeal followed.

There are two assignments of error, but we will not take time to consider Assignment Two. The appellant offers no argument but simply refers us to Rules 9(h) and 15(c) of the Alabama Rules of Civil Procedure. Rule 9(d), Revised Rules of the Supreme Court of Alabama states that "(a)ssignments of error not substantially argued in brief will be deemed waived and will not be considered by the court."

Assignment 1 states that the trial court erred in granting the motion for a summary judgment, thus the propriety of that action is the only issue on this appeal. This court agrees that the trial court was in error in granting the summary judgment.

Dawson Bridge Company contends that the complaint filed in this action is based wholly upon a violation of a regulation arising from OSHA. Dawson further contends that such violations can not be remedied by private civil actions brought by employees. A number of federal decisions are cited in support of this position; however, this court pretermits this issue since the decision of this court does not have to be premised upon such a consideration.

This court does not read the complaint as stating a cause of action exclusively on a violation of OSHA or regulations promulgated pursuant to OSHA. The complaint in this case uses the words "negligently causing," "negligently permitting," and "negligently allowing" the plaintiff to use said unsafe power saw. The complaint can be interpreted as an ordinary negligence complaint. We judge the substance of the complaint by the requisites of Rule 8(a) and (f) A.R.C.P. In connection with a motion to dismiss, this court in Bowling v. Pow, Ala., 301 So.2d 55 (1974), adopted the rule of Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), which held that in reviewing the sufficiency of a complaint, it should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

While there can be no doubt the power saw was provided by Watwood's employer, Bellamy Brothers, nevertheless, when all of the pleadings, affidavits and exhibits are viewed together we must conclude that the moving party (R. R. Dawson Bridge Company) has not met the burden of proof of negating a genuine issue as to material facts or that it is entitled to judgment as a matter of law. On the summary judgment proceedings Dawson attempted to limit Watwood's claim to OSHA. Since we have concluded that the issues framed by the complaint are much broader, the basic question of negligence on the part of the defendant still remains unanswered and proper for jury determination. The moving papers do not establish that as a matter of law Watwood could not recover for breaches of duties imposed upon a general contractor. Whether the plaintiff can or will ultimately prove a duty on the part of the general contractor in this case and a breach thereof is another question.

Reversed and remanded.

MERRILL, BLOODWORTH, ALMON, SHORES, and EMBRY, JJ., concur.

MADDOX, J., concurs specially, in which HEFLIN, C. J., and JONES, J., join.

MADDOX, Justice (concurring specially).

I concur that the court should not have granted the motion for summary judgment based upon the record in this case. This is a negligence action and as this court pointed out in Folmar v. Montgomery Fair, (1975), 293 Ala. 686, 309 So.2d 818, a summary judgment in a negligence action is rarely appropriate.

The burden is on the movant to establish that there is no genuine issue of a material fact left in the case. I believe the movant failed to meet that burden here.

The mere allegation in plaintiff's pleading that the defendant was negligent will not be enough to create a genuine issue of fact if the defendant can show, by competent evidence, that there is a not a scintilla of evidence upon which a jury could find the defendant guilty of negligence.

The party moving for summary judgment has the burden to show that he is en-

**582**

titled to judgment under established principles; and if he does not discharge that burden, then he is not entitled to judgment. No defense to an insufficient showing is required. See Moore's Federal Practice, Vol. 6, p. 2825.

The Committee Comments to Rule 56 provides a procedure which may or may not be appropriate in this case. The comments are:

"Where a party cannot present facts sufficient to defeat a motion for summary judgment, but there is a good reason to believe he may have such evidence by the trial, the court has ample discretion either to deny the motion or to order a continuance. Rule 56(f); Mason v. New York Cent. R. R., 8 F.R.D. 637 (W.D.N.Y.1949); United States v. Newbury Mfg. Co., 1 F.R.D. 718 (D.Mass. 1941)."

HEFLIN, C. J., and JONES, J., concur.