This case is an appeal from a dismissal granted by the trial court pursuant to a Rule 12 (b)(6) motion filed by the defendant Burns, Kirkley and Williams Construction Company (Burns). This court reverses.
The action was originally brought by the dependent mother and sister of Shade Knight for Knight's wrongful death under the provisions of Title 26, Section 312, Code of Alabama, 1940, as amended. The case is before the court on the allegations of the complaint alone. The facts alleged in the complaint show that Shade Knight died while working for Smith Plumbing and *Page 653 
Heating Company which had contracted with defendant to install an underground sewer in a trailer park the defendant was constructing as general contractor. At the time of his death, Knight was working on the trailer park project in a trench more than 10 feet deep. He died when the sides of the trench caved in.
The complaint, as to the defendant Burns, is in two counts. Count I alleges that Burns, at the time of Knight's death, was subject to the Occupational Safety and Health Act of 1970 and the regulations promulgated thereunder, which prescribe that, where persons are required to work in a trench more than five feet deep in unstable soil, appropriate precautions must be taken to shore, sheet, brace, properly slope or otherwise support the sides of the trench to avoid a cave-in. 29 C.F.S. § 1926.652 (a)-(b) (1975). The count goes on to allege that these precautions were not taken and that Burns' negligent failure "to take appropriate precautions to shore, sheet, brace * * *, to furnish Shade Knight safety devices and safeguards, * * * to adopt and use methods and processes reasonably adequate to render the employment of Shade Knight and the places where his employment was to be performed reasonably safe * * * or * * * to do everything reasonably necessary to protect the life, health and safety of the said Shade Knight, who, at the time of his injury and death as aforesaid was not a trespasser" was the proximate cause of Knight's death.
Count II of the complaint alleges liability of the general contractor based on the following theory:
 "On said date the work being performed by Shade Knight as an employee of Smith was inherently or intrinsically dangerous, however skillfully done and the defendant Burns knew, or in the exercise of due diligence should have known, of the dangers inherent in the performance of such work."
This count further asserts that Burns' negligent failure "to see that all reasonable precautions were taken during the performance of the work by Smith to the end that employees of Smith such as Shade Knight could have been effectively protected against injury or death" was the proximate cause of Knight's death.
The only error assigned by appellants is the trial court's action in dismissing the complaint. In reviewing this assignment, this court must determine whether it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. This standard for determining the merits of a motion to dismiss was recognized by the court in Bowling v. Pow, 293 Ala. 178, 186,301 So.2d 55, 63 (1974) which follows the rule established inConley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80
(1957).
The defendant argues that the Occupational Safety and Health Act (OSHA) creates no duty on defendant's part and gives no private remedy to plaintiffs. The defendant cites Skidmore v.Travelers Insurance Company, 483 F.2d 67 (5th Cir. 1973);Russell v. Bartley, 494 F.2d 334 (6th Cir. 1974); and Hare v.Federal Compress and Warehouse Company, 359 F. Supp. 214
(N.D.Miss. 1973). In Russell v. Bartley, supra, the 6th Circuit in a per curiam opinion said:
 "OSHA's declared purpose is `to assure so far as is possible every working man and woman in the Nation safe and healthful working conditions . . . .' 29 U.S.C. § 651 (b). To this end the Act specifies safety requirements for employers engaged in interstate business and emphasizes the duty of the employer to provide safeworking conditions. Enforcement of that duty is by crimimal sanction, civil penalty and the right to injunctive relief. However, nowhere in the statute or in the record of the debate on the Act in Congress is there any mention of a private civil remedy against anyone for damages suffered by an employee because *Page 654 
of a violation of the Act. On the contrary, the Act provides that:
 `Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.' 29 U.S.C. § 653 (b)(4).
 "Arguments not unlike those made by appellant were advanced in two cases emanating from the Fifth Circuit. Hare v. Federal Compress and Warehouse Co., 359 F. Supp. 214 (N.D.Miss. 1973); Skidmore v. Travelers Ins. Co., 356 F. Supp. 670 (E.D.La. 1973), aff'd per curiam, 483 F.2d 67 (5th Cir. 1973). In Hare the plaintiff sought to fix liability upon a property owner or the prime contractor who hired the subcontractor whose employee was killed as a result of alleged OSHA violations. The court dismissed this claim because `the act does not "enlarge or diminish or affect any . . . liabilities of employers . . . under any law . . . .' 29 U.S.C. § 653 (b)(4)." 359 F. Supp. at 218. Skidmore involved a complaint filed against executive officers of the injured workman's employer for the employer's failure to comply with the Act. The Skidmore court stated as follows: `While the statute imposes a duty on employers, . . . it does not mention any private civil remedy against the employer . . . .' 356 F. Supp. at 671. In neither of the above cases was the employer named as a defendant, but both courts clearly recognized the difficulty in concluding that OSHA directly or impliedly created any type of civil remedy in favor of employees.
 "[T]here is no legislative history or case law to support appellant's proposition that OSHA created a private civil remedy and the clear language of § 653 (b)(4) of the Act specifically evidences a congressional intention to the contrary. Therefore, the District Court's determination that it lacked jurisdiction under 28 U.S.C. § 1331 was eminently correct."
The plaintiffs have not directed this court's attention to any case which holds that OSHA establishes a new private civil remedy against anyone for damages suffered by an employee because of a violation of the Act. In its own independent research, this court has found no such cases. This court holds that the plaintiff does not have a private civil remedy in this case because of a violation of the Occupational Safety and Health Act of 1970 or the regulations promulgated thereunder. However, this does not mean that appropriate and relevant standards and safety requirements established by OSHA or accompanying regulations are completely and totally irrelevant. In the case of City of Dothan v. Hardy, 237 Ala. 603,188 So. 264 (1939) this court upheld the admission into evidence of "Safety Rules For the Installation and Maintenance of Electrical Supply and Communication Lines" from the "Handbook of The Bureau of Standards, No. 10," for the jury to consider in determining whether a defendant was negligent or not. These safety rules were promulgated by an agency of the United States Government. Under proper circumstances Occupational Safety and Health Act provisions and regulations may be admissible for a jury to consider in determining the standard of care that a defendant should have followed, if properly introduced in accordance with the requirements of the City of Dothan v.Hardy, supra.
Plaintiffs' complaint alleges that defendant's negligence caused Shade Knight's death. Defendant argues that the complaint is "fatally insufficient" because it fails to set out a duty owed to plaintiffs' decedent by defendant Burns. The cases cited for this proposition were decided *Page 655 
prior to the adoption of the Alabama Rules of Civil Procedure which require only a short and plain statement of the claim so as to give defendant fair notice of the claim against him. The complaint in this case is sufficient under Rule 8 (a) to put defendant on notice even though there is no specific allegation of a duty owed; thus, it is not subject to dismissal on this account. Watwood v. R.R. Dawson Bridge Co., Inc., 293 Ala. 578,307 So.2d 692 (1975).
On the question of the prime contractor's liability to Knight, the Alabama cases hold as a general rule that a prime contractor is not liable for the acts of an independent subcontractor whom he has employed. Williams v. Wise, 255 Ala. 322, 51 So.2d 1 (1951); Dixie Stage Lines v. Anderson, 222 Ala. 673,134 So. 23 (1931); Baker v. Atlanta B. A. Ry. Co.,163 Ala. 101, 49 So. 751 (1909); Caldwell v. Atlantic B. A. Ry.Co., 161 Ala. 395, 49 So. 674 (1909). But the contractor is liable for his own negligence which injures an employee of a subcontractor. Southern Minerals Co. v. Barrett, 281 Ala. 76,199 So.2d 87 (1967); Tennessee Coal, Iron R.R. Co. v.Burgess, 158 Ala. 519, 47 So. 1029 (1908). Also at least two exceptions exist to the general rule set out above: (1) the general contractor may be liable for injury to a third person where the work "is of such kind or class that the doing of it, however carefully or skillfully performed, will probably result in damage, or is necessarily and intrinsically dangerous * * *," Baker v. Atlanta B. A. Ry. Co., 163 Ala. 101, 105,49 So. 751, 752 (1909); Montgomery St. Ry. Co. v. Smith, 146 Ala. 316,39 So. 757 (1905). (2) The general contractor "is responsible for the manner of the performance of his nondelegable duties, though done by an independent contractor * * *" Dixie StageLines v. Anderson, 222 Ala. 673, 675, 134 So. 23, 24 (1931);Southern Ry. Co. v. Lewis, 165 Ala. 555, 51 So. 746 (1910). Thus, if the contractor owes a duty to a third person by reason of a contract or by law, he cannot divest himself of liability for the negligent performance of his duty by employing an independent subcontractor.
Here, because of the dismissal of their action, plaintiffs were given no opportunity to prove facts which would bring them under any of the exceptions to the general rule of non-liability. Conceivably there are such facts which if proven would support their claim and entitle them to relief.
The facts of this case and our disposition of it follow closely the recent case of Watwood v. R.R. Dawson Bridge Co.,Inc., 293 Ala. 578, 307 So.2d 692 (1975). In Watwood, plaintiff was injured when a power saw supplied by his employer, a subcontractor to the defendant R.R. Dawson Bridge Company, "kicked back," severely cutting his leg. In his complaint against the defendant prime contractor, plaintiff alleged liability based on defendant's "negligently causing, negligently permitting and negligently allowing" the Plaintiff to use the unsafe power saw "in violation of the Federal Safety and Health Regulations for Construction * * *." Defendant moved for summary judgment, which was granted by the trial court. This court overturned the trial court's action finding that the complaint contained sufficient language to put the defendant on notice that the plaintiff was raising the issue of ordinary negligence and raised material issues of fact sufficient to withstand summary judgment. In the case presently before the court, plaintiffs have been given no opportunity to present facts other than those alleged in the complaint. But, there are conceivable facts which, if proven, would entitle plaintiffs to relief. Therefore, this court finds that the trial court's dismissal of the action was inappropriate and is due to be reversed.
REVERSED AND REMANDED.
MERRILL, MADDOX, JONES and SHORES, JJ., concur. *Page 656