HEFLIN, Chief Justice.
Gulf Collateral, Inc., as assignee of King International Corporation, brings this appeal alleging error on the part of the trial court in granting the motion of defendant Edwin W. Powell to dismiss the case, as well as from an order which denied post-dismissal motions. This court reverses and remands.
Gulf Collateral, Inc., as assignee of King International Corporation, filed a complaint alleging that the defendant Powell was indebted to it for the sum of $27,000, this debt being evidenced by a personal check of the defendant made to the order of King International which had been dishonored due to insufficient funds. The check was attached as an exhibit.
The defendant Powell filed a motion to dismiss the complaint alleging that the plaintiff had failed to qualify to do business in the State of Alabama. An affidavit was filed by defendant Powell which alleged that he had been contacted in the State of Alabama with regard to taking a gambling trip to the island of Aruba and that it was necessary to establish a “line of credit.” He stated in his affidavit that he established a line of credit at the First Alabama Bank in Huntsville. He further stated:
“On November 11, 1974, an airplane was flown into Huntsville, Alabama, which was being chartered or leased by King International Corporation. It departed Huntsville, Alabama with approximately 150 passengers of which a majority were resident citizens of the State of Alabama. We were flown to the Country of Aruba where we remained until November 15. On that date we were flown from Aruba to Miami, Florida, for the Alabama-Miami Collegiate Football Game and then returned to Huntsville, Alabama, by airplane.
“I was approached in the State of Alabama with regard to the gambling trip and any and all agreements entered into with regard to the trip were made in the State of Alabama.”
*764 The attorney for the plaintiff filed an affidavit on information and belief[1] that the trip was arranged by the International Sportsman’s Club and a Mr. Nate Teplis; that said International Sportsman’s Club is not in any way a division of or a part of King International Corporation. He further stated that the check which was the subject of the suit was given in the country of Aruba and not in the State of Alabama and that King International Corporation did not arrange the lines of credit or any other agreement within the State of Alabama.
Following the filing of these affidavits, a hearing was held and the court entered its order granting the defendant’s motion to dismiss on the basis that the plaintiff and the plaintiff’s assignor were doing business in the State of Alabama prior to the date of this suit and in conjunction with the transaction which was made the basis of this suit, without having first qualified to do business in Alabama as required by law. The court recites in its order of dismissal that it concluded that any obligation undertaken by the defendant in regard to the premises of the complaint was, therefore void as a matter of law.
Thereafter, the plaintiff filed post-dismissal motions, designed to reinstate the case, along with an affidavit from Nate Teplis. In the affidavit, Mr. Teplis stated that he, personally, arranged the trip and that he was employed by International Sportsman’s Club, which was neither owned by, nor a subsidiary of, nor an agent for King International Corporation. The affidavit of Mr. Teplis recited all the factual statements contained in the previously filed affidavit on information and belief filed by attorney for plaintiff, along with additional facts. These motions were denied.
The code section which guided the trial court in reaching its decision is Section 21(89), Title 10, Alabama Code 1940 (Recompiled 1958) (Supp.1973) which provides:
“All contracts or agreements made or entered into in this state by foreign corporations which have- not qualified to do business in this state shall be held void at the suit of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or'agreement * * *”[2]
Defendant Powell contends that the order of the trial court was the equivalent of a summary judgment. Although the defendant does not specifically state this, it is presumed that this contention is based on Rule 12(c) of ARCP which provides that if, on a motion for judgment on the pleadings, matters outside the pleadings are presented and not excluded by the court, then the motion is treated as a motion for summary judgment and governed by Rule 56 of ARCP. This contention overlooks the fact that Rule 12(c) is very specific in stating that this transformation may only occur, “[a]fter the pleadings are closed.” In this case the only pleadings that had been filed were the complaint and the motion to dismiss and thus the defendant’s motion could not be considered as a motion for summary judgment. See Rule 7, Alabama Rules of Civil Procedure; 5 Wright & Miller, Federal Practice and Procedure, §§ 1368, 1369 (1969).
Even if the action of the trial court in denying the post-dismissal motions could be considered a summary judgment, it would still be due to be reversed.
In the record before this court, there are a number of voids. This court cannot determine from the record the following:
(1) Whether or not Gulf Collateral, Inc. or King International Corporation failed to qualify to do business in the State of Alabama (The briefs of the parties are subject to an interpretation that there may have been oral admissions or stipulations that *765 these corporations failed to so qualify, but such facts are not conclusively before this court.);
(2) Whether or not the check of $27,000 had anything whatsoever to do with the gambling trip (The only connection apparent in the record is that the check was given on the island of Aruba.);
(B) Whether or not the check was given in connection with gambling.
From the affidavits we find that there are genuine issues of disputed facts about certain material issues. These issues are as follows:
1. Whether contacts concerning the trip were made in the State of Alabama;
2. Whether any agreement concerning the gambling trip was entered into within the State of Alabama;
3. Whether a line of credit was established with an Alabama bank.
The relationship between the International Sportsman’s Club and King International Corporation is also an issue. Nate Teplis, in his affidavit, stated that the International Sportsman’s Club is neither owned by, nor a subsidiary of, nor an agent for King International Corporation. He stated that he, personally, arranged for the trip and that he was employed by the International Sportsman’s Club. His affidavit also states that King International Corporation furnished air transportation out of Alabama for the trip and that Powell stayed at the King International Corporation Hotel in Aruba. The only connection, which is mentioned by Powell in his affidavit, with King International Corporation in this entire affair, is that the plane that picked him up in Huntsville to carry him to Aruba was chartered or leased by King International Corporation. The facts contained in the record are insufficient to establish conclusively that King International Corporation was the contracting party with Powell as to the trip to Aruba. From aught that appears, King International Corporation could have had an independent contractual relationship with International Sportsman’s Club. Moreover, some of the statements found in the affidavits are in conflict.
Our reversal of the order of dismissal is not influenced by a supposition that the trial court treated the motion to dismiss as though the case was in a summary judgment posture.
This is true because this court has stated many times that a complaint shall not be dismissed on the grounds that it fails to state a claim, unless there is no doubt that the plaintiff cannot prove a set of facts which would entitle him to relief. See e. g., Watwood v. R. R. Dawson Bridge Co., 293 Ala. 578, 307 So.2d 692 (1975); Bowling v. Pow, 293 Ala. 178, 301 So.2d 55 (1974).
The defendant-appellee has not convinced this court that the plaintiff-appellant cannot prove a set of facts upon which it would be entitled to relief. Therefore, this case is reversed and remanded.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and BEAT-TY, JJ., concur.

. See Rule 56(e) ARCP for requirements of summary judgment affidavits.

. See Allenberg Cotton Co. v. Pittman, 419 U.S. 20, 95 S.Ct. 260, 42 L.Ed.2d 195 (1974) and Kentucky Galvanizing Co. v. Continental Casualty Co., 295 Ala. -, 335 So.2d 649 (1976) for possible influencing considerations in the interpretation or application of this statute.