MURDOCK, Justice
(concurring in part and dissenting in part).
I concur in the main opinion to the extent it reverses the trial court’s dismissal[3] of Gilmer’s claims alleging breach of contract and the torts of suppression and outrage. I dissent from the main opinion’s affirmance of the dismissal of Gilmer’s claims alleging wrongful supervision, negligence, and wantonness and the dismissal of all Gilmer’s claims against Jones.
A. Viability of Gilmer’s Wrongful-Supervision, Negligence, and Wantonness Claims
The main opinion correctly explains why Gilmer’s breach-of-contract claim, suppression claim, and tort-of-outrage claim, though each is ultimately dependent for its success on the fact that the embalmer was not properly licensed, do not constitute “per se” causes of action for the violation of the licensing statute, § 34-13-112, Ala. Code 1975. I do not see why the same reasoning the main opinion applies to these three claims does not apply with equal force and effect to Gilmer’s claim that Crestview and Jones engaged in negligent or wrongful supervision[4] and that, as a result, someone in their employ who was not licensed to perform embalming services embalmed the body of Gilmer’s husband. The gravamen of this latter claim, insofar as the damages aspect, is not that the embalming necessarily was done “incompetently,” but rather that Gilmer has suffered mental anguish from the uncertainties and doubts, including the loss *598 of trust and peace of mind, resulting from knowing that someone embalmed her husband’s body who was not properly licensed to do so. Crestview and Jones’s wrongful supervision, according to this claim, allowed this to happen.
The main opinion relies on the fact that, in the normal negligent or wrongful-supervision claim, the act that directly causes injury to the plaintiff is the incompetent performance of employment duties by an employee — thus the principle espoused in the main opinion that, in order to make out a negligent-supervision claim, the employer must have known (or reasonably should have known) of the employee’s incompetence. 35 So.3d at 596 (citing Armstrong Bus. Servs., Inc. v. AmSouth Bank, 817 So.2d 665, 682 (Ala.2001)). Here, because the direct cause of injury to Gilmer is not that the embalming was done incompetently, but rather that it was done by someone not properly licensed, what must be shown is that the employer knew (or reasonably should have known) that the employee performing the embalming was not licensed. To the same extent Crest-view and Jones knew or should have known this fact for purposes of the tort theories of suppression and outrage, as to which the main opinion reverses the judgment for the defendants, they knew or should have known this fact for purposes of the wrongful-supervision theory.
I am of the same view with respect to what the main opinion refers to as Gilmer’s “claim of negligence and/or wantonness.” Clearly, this claim also arises from common-law principles and not per se from the violation of the licensing statute.
In addition, unlike the main opinion, I conclude that Gilmer’s brief sufficiently presents the viability of these claims to this Court. Gilmer argues that she “does not assert any private cause of action based solely on Barry Taul’s non-licensure status.” In the section of her brief titled “Crestview’s ‘Legal’ Arguments,” she takes on and exposits numerous cases cited by Crestview for the proposition that Gilmer is “merely claiming ‘negligence per se’ for the statutory violations.” Much of Gilmer’s discussion of these cases and the cases she discusses in the section of her brief titled “More Applicable Case Law” supports the view that her negligence/wantonness claim is based on well-established common-law principles and is not a per se cause of action derived merely from the fact that the embalmer was not licensed under the statute.
Among other things, Gilmer discusses Knight v. Burns, Kirkley & Williams Construction Co., 331 So.2d 651 (Ala.1976), and Murray v. Alabama Power Co., 413 So.2d 1109 (Ala.1982), for the proposition that, “while a statutory violation usually does not create a new remedy or constitute negligence per se, a statutory violation ... may aid in showing the wrongfulness of a party’s conduct.” (Emphasis added.) For example, Gilmer cites Knight for the proposition that “[a]s to a traditional common-law negligence-based cause of action,” the federal regulations at issue in that case could be admissible in determining the standard of care. She then concludes that “references to applicable statutory provisions may assist the jury in deciding the wrongfulness of a party’s conduct under the particular circumstances” and that “statutory references establish that Crest-view and the individual defendants fully appreciated the wrongfulness of their conduct in allowing Barry Taul to embalm Jack Gilmer’s body and the outrageousness of the attempted cover-up.”
Based on the foregoing, I dissent as to the main opinion’s disposition of Gilmer’s wrongful-supervision claim and her claims alleging negligence and wantonness. Consequently, I also dissent from the main *599 opinion’s decision to affirm the judgment in favor of Jones “[i]n light of [its] earlier disposition of the negligent-supervision claim.” 35 So.3d at 596.
B. The Dismissal of “All Claims” Against Jones
In addition, I must dissent from the main opinion’s decision to affirm the trial court’s “dismissal” of “all claims” against Jones.
I note first that each count of the complaint, as amended — including the counts alleging suppression, negligence and/or wantonness, the tort of outrage, and wrongful supervision — alleges that Jones (as well as each of the other defendants) directly committed the various wrongs alleged therein. The complaint does not allege liability on the part of Jones under such theories as respondeat superior or a piercing of the corporate veil of Crest-view.[5]
The defendants’ joint “Motion to Dismiss” was filed on the day the case was set for trial, May 8, 2006. This motion was expressly filed “pursuant to Rule 12(b)(6),” Ala. R. Civ. P. The sole ground for dismissal presented to the trial court in this motion was that all Gilmer’s claims amounted to nothing more than incogniza-ble assertions of private causes of action arising “per se” from the violation of the licensing statute. It is the trial court’s judgment granting this motion for dismissal that constitutes the judgment from which the appeal is taken in this case.
The main opinion begins its explanation of its decision to uphold the trial court’s dismissal of all claims against Jones by noting that Jones has filed a separate brief in this Court in which he argues that “he cannot be held personally liable for any of the alleged torts of Crestview.” 35 So.3d at 596. This is the same argument Jones made to the trial court in the failed September 2005 summary-judgment motion. See note 5, supra. (Jones even attempts to bolster this argument by reference to a statement made in Gilmer’s written response to the September 2005 summary-judgment motion as a concession — an improper characterization in my view — that Jones did not participate in the events giving rise to the tort-of-outrage claim.) As has been noted, this ground for dismissal of the claims against Jones was not presented to the trial court by the Rule 12(b)(6) motion filed by the defendants on the first day of trial, the judgment granting which is the judgment from which Gilmer appeals.
Nonetheless, the fact remains that the trial court did dismiss all claims against Jones. Consequently, it is incumbent upon Gilmer, as the appellant, if she wishes to achieve a reversal of the trial court’s dismissal of the claims alleged in her complaint against Jones, to argue in her brief to this Court that that dismissal was erroneous. See Smith v. Mark Dodge, Inc., 934 So.2d 375, 380 (Ala.2006) (noting that we will not reverse a trial court’s judgment on a ground not argued on appeal); Tucker v. Nichols, 431 So.2d 1263, 1264 (Ala.1983) (explaining that the appellant has an affirmative duty of showing error upon the record). The majority is of the view that Gilmer has not made this *600 argument, at least not as to anything other than the tort of wrongful supervision. I am of the view that she has.
The main opinion reasons as follows: “Gilmer mentions Jones only when discussing her negligent-supervision claim, and she presents no other argument as to why the summary judgment for Jones should be reversed regarding any other claim.” 35 So.3d at 596. I believe that this mischaracterizes Gilmer’s brief to this Court and that, in fact, Gilmer has presented the only argument she needs to have presented as to why the trial court’s judgment should be reversed as to all claims.
Gilmer begins her initial brief to this Court as follows: “The issue raised in this appeal is whether the trial court erroneously granted a Rule 12(b)(6)-based dismissal of the complaint as amended and all causes of action asserted therein based on the sole ground asserted in a motion to dismiss filed on the morning that a trial on the merits was to commence.” She thereafter fully addresses this singular issue. As she states, she does so as to “all causes of action.” The approach she takes to do so is to take up each cause of action, one at a time, not each defendant, one at a time.
Specifically, Gilmer discusses why the gravamen of each cause of action is not, “per se,” merely the violation of the statute. In so doing, her focus is on what each legal theory entails, not against whom she plans to prove each theory. Consequently, it is true that she does not mention Jones by name in respect to most of the legal theories. By the same token, however, she generally does not argue the liability of the other defendants by name in respect to each legal theory.
For example, in Gilmer’s discussion of why her suppression claim was not tantamount to a per se claim based upon a violation of the licensing statute, she refers to the underlying fact that “Crestview employees” knew, but suppressed, certain material facts. The fact that Jones is not argued by name to have engaged in suppression is no more a ground of waiver of that tort as to him than it is to any other specific defendant. Gilmer does not take on the task of arguing that this defendant or that defendant should not have been dismissed; rather, she argues that this claim and that claim, as alleged in the complaint (i.e., as to all the defendants), should not have been dismissed for failure to state a cognizable claim under Alabama law.
Gilmer’s brief to this Court addresses the sole issue presented to and decided by the trial court when it entered the dismissal from which Gilmer now appeals — whether her complaint seeks to recover based on general common-law principles or, instead, for “per se” causes of action derived strictly from the violation of the licensing statute. In her brief, Gilmer defends all claims alleged in the complaint (including necessarily as they relate to Jones) against this sole ground, a ground that was not applied by the trial court to Jones in any manner or degree differently than as to all other defendants. In meeting and defeating this ground, Gilmer’s brief has done all it needs to do to defeat the single basis upon which the trial court dismissed all Gilmer’s claims. I do not see that Gilmer’s brief is a source for any waiver of any of these claims.[6]
COBB, C.J., concurs.

. The main opinion treats the trial court’s judgment as a summary judgment because of the trial court’s statement that it considered evidence in granting the defendants' day-of-trial Rule 12(b)(6), Ala. R. Civ. P., motion. I do not see what evidence the trial court properly could have considered in deciding that motion, however. That motion was expressly filed by the defendants as a "motion to dismiss” under Rule 12(b)(6) and clearly sought relief on only one theory: the purely legal question whether the claims, as alleged in the complaint, made for cognizable claims for relief under Alabama law. I therefore cannot view the trial court’s order as anything other than what it necessarily was: a judgment of dismissal for failure to state a claim. Although a summary judgment can be based on a purely legal issue, even the incognizability of an asserted claim ("no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law," Rule 56(c)(3), Ala. R. Civ. P.), to treat the motion as a motion for a summary judgment in this particular case is, in my view, misleading and risks confusion.
Even if the trial court’s ruling is to be referred to, as it is by the majority, as a "summary judgment,” it is clear that the court’s ruling was based on only a single issue, the sole issue before it at the time it ruled, i.e., the purely legal question whether the various claims for relief as set out in the complaint amounted to allegations of per se liability resulting from the violation of the licensing statute or, instead, cognizable allegations of violations of common-law duties. As discussed below, the "appellant’s brief” filed in this Court by Gilmer clearly responds to this sole legal issue and does so for purposes of defeating it with respect to all the claims asserted in the complaint as amended.

. In what is hereinafter referred to a Gilmer’s "wrongful-supervision” claim, the complaint alleges that Crestview and Jones "negligently, willfully and/or wantonly hired, trained and/or supervised” the other staff of Crest-view.

. As part of the September 2005 motion for a summary judgment, Jones raised (1) the factual issue whether he personally was involved in the wrongs alleged in the complaint and (2) the mixed question of law and fact whether the corporate veil should be pierced so as to make him liable for the alleged acts of Crest-view. (Jones was the president, the owner, and a director of Crestview.) Gilmer successfully defended against these arguments; the motion was denied in its entirety by the trial court. The issues raised by Jones in this earlier, defeated summary-judgment motion were not reasserted by Jones in the May 2006 “Motion to Dismiss,” the granting of which is the subject of the present appeal. See, e.g., Mitchell v. Folmar & Assocs., LLP, 854 So.2d 1115, 1116 (Ala.2003); Fahey v. C.A.T.V. Subscriber Servs., Inc., 568 So.2d 1219, 1222 (Ala.1990); Lind v. United Parcel Serv., Inc., 254 F.3d 1281, 1283-84 (11th Cir.2001); see generally Superskate, Inc. v. Nolen, 641 So.2d 231 (Ala.1994).

. Gilmer may or may not be able to establish as a factual matter that Jones was personally involved in some of the tortious conduct alleged or that the corporate veil should be pierced to make him liable for the breach-of-contract or tort claims. Such issues are not presented by the judgment from which the present appeal is taken.