# Western Railway of Alabama v. Turrentine.

### Injury to Passenger.

(Decided November 23, 1916.   73 South. 40.)

1. **Carriers; Injury to Passenger; Complaint; Wanton.**—A complaint which does not allege wanton or intentional injury, but alleges that defendant wantonly or intentionally left or permitted a hole or opening in the platform of a passenger station, is insufficient to charge wantonness, since the circumstances averred did not justify an inference of intentional wrong.

2. **Pleading; Demurrer.**—Where the demurrer was not grounded on the insufficiency of the complaint to charge intentional wrong, and the complaint charged at least simple negligence, it was proper to overrule the demurrer.

3. **Evidence; Hearsay; Declaration of Agent.**—The fact that the physician employed by defendant said to plaintiff on the morning after the accident, that the place was dangerous, and that he had told defendant so, was not competent.

4. **Witnesses; Impeachment; Inconsistent Statement.**—A party may not impeach a witness by asking him a question requiring him to admit or deny that he had made a statement out of court, which statement was incompetent as proof of any fact so stated by him, and immaterial because he had testified to no facts to the contrary, and then when the witness denied making the statement, be permitted to introduce evidence that he did make it.

5. **Carriers; Injury to Passenger; Delegation to Contractor.**—A carrier cannot avoid its duty of caring for the safety of its passengers by delegating it to a contractor.

**6. Corporation; Willful Wrong; Agent.**—An independent contractor who does his work in his own way is not an agent within the rule holding a corporation answerable for the willful wrong of its agents done in the line and scope of their authority and employment.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Edwyna Turrentine against the Western Railway of Alabama for damages for injuries while a passenger. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint alleges in count 3 that plaintiff was a passenger on one of defendant's trains to Milstead, Ala., on her journey to her home in Tallassee, Ala., and that she alighted from defendant's train at Milstead in the nighttime at its depot, and while passing out of the waiting room of said depot to the platform to board the train for Tallassee, which was in waiting, she fell into a hole or opening in said platform and suffered the following injuries: (Here follows catalogue.) And plaintiff alleges that said depot and platform were generally used by passengers in transferring from defendant's train to the Tallassee train, which use as such was known by defendant, but that, notwithstanding such use, and defendant's knowledge of the same, defendant negligently permitted or allowed plaintiff to attempt to pass along said platform when the same was not properly lighted or otherwise safeguarded, without proper warning or notice of the danger thereof, and as a proximate cause thereof plaintiff fell and received said alleged injuries. Count 5 is the same as 3, down to and including catalogue of injuries; and plaintiff avers that said hole or opening was at a point on the platform that was continually, generally and largely used by passengers transferring from defendant's depot or premises to another railroad, and that such use was with defendant's knowledge and acquiescence; that it was further known to defendant that plaintiff was traveling to Tallassee, Ala., as she exhibited to defendant's conductor in charge of the train a ticket calling for passage via Milstead to Tallassee, and she was directed by defendant conductor in charge of said train on which she was traveling to transfer at Milstead for Tallassee; that it was while so transferring at Milstead that she was injured; that there were no lights or other safeguard at said hole or opening, but, notwithstanding all these things, defendant recklessly, wantonly or intentionally left or permitted

said hole or opening in said platform, and as a proximate conse-
quence thereof plaintiff fell and received her injuries.

BARNES & BREWER, for appellant.　H. P. MERRITT, and P. A.
DEBARDELABEN, for appellee.

SAYRE, J.— (1-3) Count 5 of the complaint, demurrer to
which was overruled, does not allege that defendant wantonly or
intentionally injured plaintiff or caused her to be injured along
with a statement of the means used to accomplish that result,
but it alleges, in substance, that defendant wantonly or inten-
tionally left or permitted a hole or opening in the platform of its
passenger station at Milstead at a point in the platform that was
"continually, generally, and largely used by passengers," trans-
ferring from defendant's depot or premises to another railroad,
and this notwithstanding the hole or opening was not safe-
guarded by a light or otherwise, and defendant knew that plain-
tiff was traveling that way in the nighttime.　The facts alleged
may be reconciled with a theory of mere negligence or inadvert-
ence in the co-ordination of the converging agencies that must
have contributed to the result complained of; the inference of
wantonness does not necessarily follow upon the facts alleged;
and it is entirely clear that the circumstances averred do not
justify an inference of intentional wrong, which, it is to be in-
ferred, the pleader intended to charge in the alternative in this
count.—L. & N. R. R. Co. v. Sharp, 171 Ala. 212, 55 South. 139;
Martin v. U. S. N. Ry. Co., 163 Ala. 215, 50 South. 897; L. & N.
R. R. Co. v. Orr, 121 Ala. 489, 26 South. 35.　But the question
whether this count charged wanton or intentional wrong or sim-
ple negligence merely was beyond the reach of the grounds of
demurrer assigned by defendant; for upon any reasonable con-
struction of the count it stated a cause of action, an actionable
breach of legal duty, a case of simple negligence at least, and the
demurrer should have been overruled, as it was.

The case went to the jury on counts 3 and 5 of the complaint,
and the court's oral charge to the jury makes it plain that count
5 was considered by the court as charging wanton or intentional
wrong.　Upon the count so considered our opinion is that defend-
ant was due the affirmative charge requested by it in writing;
this for the reason that, in the judgment of this court, a finding
of wantonness or intentional wrong on the part of defendant was

not warranted by the evidence, but only a finding of negligence merely in leaving temporarily unguarded by light or otherwise— it may have been for one night only—a hole or opening which was caused and suffered to exist by reason that the platform was undergoing repairs the sole purpose of which was to make it more fit for the use for which it was intended. But upon the count, as we think it must be construed, the question was one for the jury, and the special charge was properly refused.

(4) There was error in allowing the plaintiff to call upon the witness Dr. Smith to affirm or deny that upon the occasion of his visit to plaintiff on the morning after her injury he said to her or to her mother—as to this the impeaching testimony did not follow the predicate laid—that the place where plaintiff fell was a dangerous place and he had told them that it was a dangerous place, and then, upon the witness' denial, in allowing him to be contradicted by the witness Mrs. Turrentine. The witness Smith had been employed by defendant at Milstead at the time of the accident to plaintiff, but it will not be contended that what he afterwards said, wholly apart from the performance of the duty to defendant, was competent evidence, as against defendant, of anything he may have then affirmed as a fact.—*Bank of Phoenix City v. Taylor,* 196 Ala. 665, 72 South. 264, and cases first therein cited. The testimony under discussion was allowed by the court for the sole purpose of discrediting the witness Smith; but it was not proper to allow his impeachment in this manner. The witness had not testified that the place where plaintiff was hurt was not dangerous, nor had any conduct of his been given in evidence which would tend to show any opinion of his on that subject, nor had he testified whether he had or had not told them (meaning, perhaps, though that was not made to appear, some officers or agents of the defendant who were charged with some duty in respect to the condition of defendant's platform at Milstead) that the place was dangerous. The contradiction plaintiff was allowed to show did not, except by inference based on hearsay, bear upon any fact properly in issue between the parties, but went only to the question whether the witness had made a statement which it would have been incompetent to prove as tending to show the facts stated. The upshot of the proceeding was that, in order to lay a predicate for impeachment, plaintiff was allowed to ask a question calling upon the witness to admit or deny that he had made a statement out of court which was incompetent

[Venturi v. Silvio.]

as proof of the facts stated and was immaterial because the witness had sworn nothing to the contrary. The evidence thus placed before the jury tended strongly to prejudice the defendant's case. The action of the court was erroneous both in permitting the predicate and in allowing the impeaching testimony, and for this the judgment must be reversed, and the cause remanded for another trial.—*Helton v. Ala. Mid. Ry. Co.*, 97 Ala. 275; 12 South. 276; *Cooper v. State*, 88 Ala. 107, 7 South. 47; *Cotton v. State*, 87 Ala. 75, 6 South. 396.

(5, 6) Count 3 of the complaint charged nothing more than simple negligence. Plea 5 alleged that the hole in the platform was left by an independent contractor whom defendant had employed to repair the platform. The demurrer to this plea as addressed to this count was properly sustained. Defendant could not avoid its duty of caring for the safety of its passengers by delegating it to a contractor. However, the court adjudges that proof that defendant had let the work of repairing the platform to a competent independent contractor would have been admissible to rebut the charge of willful or wanton injury had the complaint contained such a charge as the court below conceived it did, this for the reason that an independent contractor, who does work in his own way, is not an agent within the meaning of the doctrine which holds a corporation answerable for the willful or wanton wrong of its agents done in the line and scope of their authority or employment.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.