(134 So. 23)

## DIXIE STAGE LINES v. ANDERSON.
### 7 Div. 24.

Supreme Court of·Alabama.
March 5, 1931.

Rehearing Denied April 23, 1931.

Merrill, Jones & Whiteside, of Anniston, for appellant.

of the employment of such contractor. Montgomery Gas Light Co. v. M. & E. Ry. Co., 86 Ala. 372, 5 So. 735; Mayor, etc., of Birmingham v. McCary, 84 Ala. 469, 4 So. 630; Western Ry. of Ala. v. Turrentine, 197 Ala. 603, 73 So. 40; Baker v. A. B. & A. Ry. Co., 163 Ala. 101, 49 So. 751; Southern Ry. Co. v. Lewis, 165 Ala. 555, 51 So. 746, 138 Am. St. Rep. 77; 39 Cyc. 1339; Annotation 29 A. L. R. 737, et seq.; 23 A. L. R. 985, et seq.; Republic, etc., v. Barter, 218 Ala. 369, 118 So. 749.

◼ In this case, if defendant was engaged to transport a party of students on a trip, the law imposed a duty on it to see that it was not done in a negligent manner so as to injure any of them. The defendant could not relieve itself of the responsibility for that duty by engaging the services of a contractor. The duty was to be performed by motorbus service, and the fact that defendant engaged by independent contract one of the busses, in the negligent operation of which plaintiff was injured, did not relieve defendant from liability to plaintiff.

In some of the cases it is said to be a nondelegable duty; in others it is said that, though defendant by his contract may have imposed upon his contractor the duty, the relation between defendant and plaintiff was not changed, and defendant is liable to plaintiff as though the contractor were the agent or servant of defendant.

◼ Count 5 of the complaint is not therefore subject to demurrer on the ground that it is not stated that plaintiff's injuries were not caused by an independent contractor. It does allege that plaintiff was being transported by defendant as a passenger for a reward, though the vehicle was being operated at the time by another. There is no inconsistency in such statements, even though we assume that the one operating the vehicle was an independent contractor of defendant.

◼ There was a tendency of the evidence to support the view that the contract was with defendant, and that the defendant, as a part of the duty he thereby assumed, employed another to supply one bus and a driver for it, and that plaintiff was injured by the negligence of the driver of that bus. Defendant was therefore not due the affirmative charge on count 5.

The other charges refused it were predicated upon a want of liability for the negligent act of an independent contractor. For the reasons we have stated, we think they were properly refused.

The court overruled objection to a remark by plaintiff's counsel in addressing the jury that defendant is "held to the same kind of duty that a railroad company is held to." It is claimed that, in rendering this service to

M. C. Sivley and Dortch, Allen & Dortch, all of Gadsden, for appellee.

FOSTER, J.

◼ The general rule is well settled that one is not ordinarily responsible for the negligent acts of his independent contractor. But this rule, as most others, has important exceptions. One is that a person is responsible for the manner of the performance of his nondelegable duties, though done by an independent contractor, and therefore, that one who by his contract or by law is due certain obligations to another cannot divest himself of liability for a negligent performance by reason

plaintiff, defendant was not performing the duty of a common carrier, but that of a private contractor for the carriage of plaintiff, and that in doing so the liabilities of a common carrier did not apply.

 In the first place, many railroads are not common carriers, and are not so merely because they are railroads. Moreover, the record does not show what duty the attorney was discussing. Undoubtedly many duties by them, respectively, are of the same nature. The law in this respect was accurately given by the court in charge to the jury; that is, that the plaintiff can recover only for an act of negligence. No greater duty is claimed in the complaint, and none was included in the court's charge.

 The further remark that, "if a railroad had pulled that kind of a stunt, you [jury] wouldn't be out five minutes," was duly excluded. It was not of that nature of remark as in our opinion justifies a new trial on account of the prejudice thereby engendered.

Remonstrances directed to the driver of the car by plaintiff shortly before the accident, and his remarks that he was doing the driving, and holding it (or "the baby") in the road, etc., were admissible in evidence on the authority of Dickson v. Dinsmore, 219 Ala. 353, 122 So. 437.

We have given due consideration to all the assignments of error, and find in them none upon which to rest a reversal, though we do not think it necessary to discuss those which have not been treated.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.