ALMON, Justice.
This is an action for breach of contract. The court granted judgment on a jury verdict awarding plaintiffs damages of $12,-000. Defendant argues that the trial court erred in sustaining objections to evidence that the injury was caused by acts of her independent contractor.
Edna H. Miller sold her house to Hussain and Marilyn Mashatt on July 29, 1982. She was 82 years old at the time. Mrs. Miller hired Alabama Storage Company, Inc., d/b/a Mayflower Moving Company, to move her belongings out of the house. She also instructed Dixie Electric Cooperative to read her meter and close her account. The utility discontinued service to the residence on Friday, August 6, 1982.
Because the house is in a rural area, it depends upon a well for its water supply. An electric pump brings the water from the well to the house. Alabama Storage moved Mrs. Miller’s belongings on August 6 and 7. It did not move her washing machine until after the electricity was shut off. When an Alabama Storage employee removed the water connections of the washing machine from the water supply, he did not turn off the valves on the faucets. Also, the refrigerator had a water supply for its icemaker, and this pipe was left open.
When the Mashatts took possession on August 8, they discovered the electricity was off. The following day, Monday, Mrs. Mashatt arranged with Dixie Electric Cooperative to have electric service started at the residence. She met a gas company employee at the house at 2:00 p.m. and noticed the electricity was not turned on at that time. Dr. and Mrs. Mashatt returned to the house at 7:00 that evening and found the house ankle deep in water with more water pouring out of the faucets for the washing machine and out of the pipe for the icemaker. They turned off the faucets and, since the icemaker supply pipe had no valve, they turned off the pump at the well.
The Mashatts incurred some $7,000 in billed expenses for having the water pumped out of the house and for replacing carpets, baseboards, drapes, and flooring. Dr. Mashatt estimated that $1,500 of electrical work remained to be done.
*712 Dr. and Mrs. Mashatt filed a six-eount complaint against Mrs. Miller. On August 2, 1983, the Mashatts amended their complaint to add Alabama Storage as a defendant to four counts of the complaint. The case went to trial only on the two counts for breach of contract. Because Mrs. Miller was not present at the trial, the Mash-atts offered to read her deposition into evidence. Alabama Storage objected to the portions of the deposition concerning it on the ground that the deposition was taken before Alabama Storage was brought into the case. The trial court sustained the objection, and those portions were not read.
At the close of plaintiffs’ evidence, Alabama Storage made a motion for a directed verdict in its favor on the ground that there was no evidence of any contract between the Mashatts and Alabama Storage. Mrs. Miller’s attorney stated, “I don’t have any objection to them getting out. I think in all equity and justice, they should get out.” The trial court granted the directed verdict for Alabama Storage.
When Mrs. Miller opened her case, she offered the portions of her deposition to which Alabama Storage had objected. The Mashatts objected, and the trial court sustained. In these portions of the deposition, Mrs. Miller stated that Alabama Storage moved the washing machine and refrigerator and that she did not make certain that the faucets had been turned off.
Mrs. Miller raises as her only issue the assertion that the trial court erred in excluding this testimony. She claims that it should be admissible under the theory that “one is not ordinarily responsible for the negligent acts of his independent contractor.” Dixie Stage Lines v. Anderson, 222 Ala. 673, 675, 134 So. 23, 25 (1931); Boroughs v. Joiner, 337 So.2d 340 (Ala.1976); State Farm Mutual Auto. Ins. Co. v. Dodd, 276 Ala. 410, 162 So.2d 621 (1964).
The principle is not applicable here because the Mashatts did not proceed to trial on a negligence theory. They were suing for breach of the contractual provision that Mrs. Miller would give them possession of the house with all heating, air conditioning, plumbing, electrical, and mechanical systems in good working order. Mrs. Miller does not take issue with the submission of this claim against her to the jury.
Mrs. Miller did not file a third-party claim or a cross-claim against Alabama Storage. She agreed with Alabama Storage that a directed verdict in its favor should be granted. In these circumstances, she cannot defeat the Mashatts’ claim by arguing that if anyone is liable, it is Alabama Storage. The trial court did not err in sustaining the objection to the evidence of Alabama Storage’s role in causing the damage. As no other error is alleged, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, BEATTY and HOUSTON, JJ., concur.