The plaintiff, Leeland Fuller, sued Tractor Equipment Company, Inc. (hereinafter "T E"), alleging that T E negligently designed, manufactured, or installed an air conditioning system upon a front-end loader sold to Fuller's employer. The trial court granted T E's motion for summary judgment, and Fuller appeals.
T E sold a used model 560 International front-end loader to S M Equipment Company, Fuller's employer. One of the conditions of the sales agreement called for T E to install air conditioning on the loader. After the loader was delivered to S M's place of business, T E contracted with Alabama Auto Service (hereinafter "AAS"), to install the air conditioning. An AAS work crew traveled to S M's place of business to install the air conditioning, but was unable to complete the job because complications arose. Side sheets that guarded the engine on the front end loader were left off by AAS, but the AAS crew tagged the keys to the loader with a warning that the machine was not to be started. AAS also warned the supervisor on duty at S M that the machine should not be used.
Even though these warnings were given, the front-end loader was put into service, and the plaintiff was injured while attempting to check the machine for a problem with the engine.
Suit was filed on May 5, 1987, and the "scintilla rule" applies. See § 12-21-12, Code 1975. Under that rule, if a scintilla of evidence exists to support the position of the party against whom a motion for summary judgment is made, summary judgment must be denied. Harold Brown Builders, Inc. v.Jordan Co., 401 So.2d 36 (Ala. 1981). Summary judgment is proper only when the pleadings and affidavits submitted by the movant show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Bon Secour Fisheries, Inc. v.Barrentine, 408 So.2d 490 (Ala. 1981). T E claims that AAS was acting as an independent contractor in the installation of the air conditioning and that T E is not liable for any injury caused by AAS, as a matter of law.
The main issue before this Court is whether T E can be liable for the actions of AAS, and the first determination to be made is whether AAS is an employee of T E or is an independent contractor. For one to be an employee of another, the other party must retain the right to direct the manner in which the business shall be done. Solmica of the Gulf Coast,Inc. v. Braggs, 285 Ala. 396, 232 So.2d 638 (1970). In the present case, AAS provided its own workers and equipment and T E exercised no control over the manner of the installation. Under the facts of this case, AAS was clearly an independent contractor.
The law in Alabama is well settled that a principal is not liable for the torts of its independent contractors.Boroughs v. Joiner, 337 So.2d 340 (Ala. 1976); State Farm MutualAuto. Insurance Co. v. Dodd, 276 Ala. 410, 162 So.2d 621
(1964). However, a principal "is responsible for the manner of performance of his non-delegable duties." Alabama Power Co. v.Pierre, 236 Ala. 521, 525, 183 So. 665 (1938). See, GeneralFinance Corp. v. Smith, 505 So.2d 1045 (Ala. 1987); Robertson *Page 759 v. City of Tuscaloosa, 413 So.2d 1064 (Ala. 1982); Boroughs v.Joiner, supra; State Farm Mutual Auto. Insurance Co. v. Dodd, supra.
It is incumbent on us, therefore, to determine whether the contract for sale between T E and S M created a non-delegable duty on T E's part to ensure that the air conditioning was installed in a reasonable manner.
The fact situation in the present case is similar to that inAlabama Power Co. v. Pierre, supra.
In Pierre, the Pierres purchased electrical fixtures for their new home from Alabama Power Company. As an inducement to close the deal, Alabama Power agreed to install the fixtures at no charge. Alabama Power contracted with a third party to complete the actual installation; during the installation the subcontractors inadvertently set the house on fire. The Pierres sued Alabama Power, alleging that the installation of the fixtures was a non-delegable duty. This Court agreed and, citing the case of Dixie Stage Lines v. Anderson, 222 Ala. 673,134 So. 23 (1931), stated:
 "In the Anderson Case, supra, after stating the rule of responsibility for the manner of performance of his non-delegable duties, though done by an independent contractor, it was further observed 'that one who by his contract or by law is due certain obligations to another cannot divest himself of liability for a negligent performance by reason of the employment of such contractor.'
 "And the Anderson Case, supra, is authority also for the conclusion that in such a situation the 'defendant is liable to plaintiff as though the contractor were the servant or agent of defendant.'
 "Under plaintiffs' evidence, therefore, in the light of this authority, defendant cannot escape responsibility for the negligent performance of the installation upon the theory that Bailey was an independent contractor. By contract this installation was a non-delegable duty on defendant's part so far as these plaintiffs were concerned, and the contractor may be treated in law as the agent or servant of defendant, though as between the parties and in a strict legal sense such relationship did not in fact exist."
236 Ala. at 525, 183 So. at 668.
In the present case, S M contracted with T E for the sale of a front-end loader with air conditioning. In the event that the air conditioning was not installed properly, S M would look to T E to rectify the problem. T E undertook to provide air conditioning under the contract for sale and was thereby bound with the non-delegable duty to ensure that the air conditioning was installed in a reasonable manner.
T E contends that even if it owed a duty to S M based upon the sale contract, it did not owe a duty to Fuller because he was not a party to the contract. Admittedly, the injured parties in Pierre were in privity of contract, but here Fuller was an employee of S M, and therefore, his injury could have been found to be foreseeable in the event T E negligently performed its contract. Fuller, in his complaint, has charged T E with negligence in the installation of the air conditioning. Alabama courts have rejected the absence of privity of contract as a defense under appropriate facts. See,Berkel Co. Contractors, Inc. v. Providence Hospital,454 So.2d 496 (Ala. 1984). Lack of privity cannot defeat this particular action.
T E also argues that the plaintiff has failed to show that the absence of side sheets was the proximate cause of his injury. "Because of the nature of negligence actions, with their questions of reasonableness, proximate causation, and foreseeability, summary judgment will not ordinarily be granted." Searight v. Cummings Trucking Co., 439 So.2d 81, 82
(Ala. 1983). In his deposition, Fuller gave the following testimony:
 "Q. Mr. Fuller, is it also true that if the machine had been guarded, so that you could not get your hands into it, that you would not have been injured?
"A. That's true. *Page 760 
 "Q. And had the side sheet[s] . . . been on the machine, would you have been injured?
"A. No."
Therefore, there is a scintilla of evidence that the lack of side guards proximately caused Fuller's injury and that T E owed a duty of care to Fuller. For the foregoing reasons, the summary judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.