ADAMS, Justice.
This is an appeal from a judgment based on a directed verdict in favor of Glenn Jackson, d/b/a Jackson Plumbing and Electric, and Miles W. White. We affirm in part, reverse in part, and remand.
In November 1982, Woodfin and Angela Clark entered into an agreement with Miles White to remodel or rebuild their house, which had previously been damaged or destroyed by fire. White, as general contractor, subcontracted the electrical work out to Glenn Jackson, d/b/a Jackson Plumbing and Electric. The electrical work was completed in December 1982; however, the evidence indicates that Jackson was contacted at least once in April 1983, regarding a “popping or frying” sound at the light switch in the hallway. The day before Jackson was to examine the switch, the Clarks’ house burned again. As a result, the Clarks filed this action against White and Jackson, alleging that they had breached their warranties to provide the Clarks with a house constructed in a good and workmanlike manner and free from defects. They further alleged that the electric light switches were defective,[1] that Jackson had negligently installed the switches, and that Jackson, upon learning of the malfunctioning switch, was negligent in failing to repair it.
The first issue before us is whether the trial court erred in directing a verdict in favor of White and Jackson. The evidence is clear that White, as general contractor, subcontracted out the electrical work to Jackson. Jackson himself testified that he worked as an independent contractor and that he was not under the supervision of White. The Clarks, in turn, verified that they contacted Jackson directly whenever they had a problem and that they had no dealings with White with regard to the electrical work.
With regard to White’s liability as the general contractor, we note the following:
“[T]he Alabama cases hold as a general rule that a prime contractor is not liable for the acts of an independent subcontractor whom he has employed. Williams v. Wise, 255 Ala. 322, 51 So.2d 1 (1951); Dixie Stage Lines v. Anderson, 222 Ala. 673, 134 So. 23 (1931); Baker v. Atlanta B. & A. Ry. Co., 163 Ala. 101, 49 So. 751 (1909); Caldwell v. Atlantic [sic] B. & A. Ry. Co., 161 Ala. 395, 49 So. 674 (1909).”
Knight v. Burns, Kirkley & Williams Const. Co., 331 So.2d 651, 655 (Ala. 1976). While this is the general rule, there are two exceptions:
“(1) the general contractor may be liable for injury to a third person where the work ‘is of such kind or class that the doing of it, however carefully or skillfully performed, will probably result in damages, or is necessarily and intrinsically dangerous * * *,’ Baker v. Atlanta B. & A. Ry. Co., 163 Ala. 101, 105, 49 So. 751, 752 (1909); Montgomery St. Ry. Co. v. Smith, 146 Ala. 316, 39 So. 757 (1905). (2) The general contractor ‘is responsible for the manner of the performance of his nondelegable duties, though done by an independent contractor. * * * ’ Dixie Stage Lines v. Anderson, 222 Ala. 673, 675, 134 So. 23, 24 (1931); Southern Ry. Co. v. Lewis, 165 Ala. 555, 51 So. 746 (1910).”
Id., at 655. The plaintiffs in this case were given ample opportunity to prove that White, as prime contractor, should be liable under one of the two exceptions above. However, upon a reading of the record, we are of the opinion that they did not offer any evidence whatsoever to warrant sending this question of White’s liability to the jury.
While we affirm as to the directed verdict in favor of White, we are compelled to reverse and remand this case with regard to the directed verdict in favor of Jackson. The Clarks spent most of their *87 time at trial attempting to establish that Jackson owed them a duty to properly install and/or repair the switch in question. Furthermore, they offered the testimony of Charles W. Point, an engineer whose practice involves fire cause and origin investigations. Point testified that the point of origin of the fire was the switch.[2] While the evidence was conflicting as to the number of times Jackson was contacted about the “popping and frying” of the switch, we are of the opinion that at least a scintilla of evidence was offered in support of the Clarks’ claims.[3] Therefore, with regard to the Clarks’ complaint, those counts against Jackson should have been allowed to go before a jury for a determination of liability.
For the foregoing reasons, this cause is affirmed in part, reversed in part, and remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.

. The Clarks settled out of court with Bryant Electric Company, the company that made the switches installed by Jackson. Bryant Electric is not a party in this case.

. In their briefs, the Clarks contend that the trial judge did not allow this opinion into evidence. Our review of the record, however, indicates that at pages 146-152, and pages 154-158, Point did, indeed, offer his opinion as to the origin of the fire.

. This case was filed prior to the implementation of the “substantial evidence rule.” Thus, the “scintilla rule” controls the question of whether the issues should have been submitted to a jury. See § 12-21-12, Ala.Code 1975.