PER CURIAM.
David Brewer, as father and next friend of his deceased daughter, Paige Brewer, a minor, sued Acceptance Insurance Company; General Motors Corporation; Samuel White, Jr; Samuel White, Sr.; White Charters, Inc.; White Limousine, Inc. (“White”); John Carroll High School; Sonja Dale; and fictitiously named defendants, on various theories of liability arising from his daughter’s death. Brewer twice amended his complaint to add defendants, first in September 1994 to add Thomas Industrial Corporation and Thomas Built Buses, and second in July 1995 to add Hatcher Limousine Service, Inc. (“Hatcher”).
On January 2,1996, the trial court entered a summary judgment for Hatcher and made that judgment final pursuant to Rule 54(b), Ala.R.Civ.P. Brewer appeals. The only issue before this Court is the validity of the summary judgment for Hatcher. The Supreme Court of Alabama transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
Rule 56, Ala.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
“ ‘The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala.1977); Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co., 390 So.2d 601 (Ala.1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980).’ ”
Berner v. Caldwell, 543 So.2d 686, 688 (Ala.1989) (quoting Schoen v. Gulledge, 481 So.2d 1094 (Ala.1985)).
*165 The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the non-movant and must resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756 (Ala.1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala.1986). See also Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Reviewing the record in a light most favorable to Brewer, we note the following facts. Dr. Rebecca Sullivan was president of John Carroll High School at the time of the accident that resulted in Paige Brewer’s death. Dr. Sullivan contacted Hatcher to provide student transportation to an athletic event. Hatcher agreed to take the job. The high school regularly used Hatcher for transporting its students. Hatcher and the high school had no written contract; by longstanding practice, Hatcher billed the high school for its services after each job.
Hatcher had only one bus available on September 4,1992, and it contacted White to provide an additional bus. White agreed to supply the additional bus; Samuel White, Sr., was the driver of that bus. Dr. Sullivan did not know that White would be transporting the students, and she did not know Samuel White, Sr., or Samuel White, Jr., the owner of White. No one at the high school was aware that Hatcher might contact some other service to provide additional transportation. However, White had transported John Carroll High School students in the past, and school officials were aware that Hatcher had used other companies to provide additional transportation for other jobs.
Hatcher instructed White about where and when to pick up and deliver the students. Paige Brewer was a passenger in the bus operated by White on September 4, 1992. As the bus was leaving to return to the high school, Paige was leaning outside the bus window. The bus “jolted backward,” and her head was pinned between the bus window frame and a utility pole. She was fatally injured.
Hatcher did not supervise White in the transportation of the students on White’s bus. Evidence of past practice supports the inference that White would have billed John Carroll High School directly for its services. However, at least some school officials looked to Hatcher as the entity responsible for transporting the students, including “subcontracting” with other companies to provide transportation when the need exceeded Hatcher’s ability to supply buses.
In essence, Brewer’s complaint against Hatcher alleged that Hatcher had undertaken a duty to provide transportation services for the students on the day of Paige’s death, that Hatcher had negligently or wantonly breached that duty, and that Hatcher’s negligence or wantonness had proximately caused Paige’s death. The complaint made specific allegations of negligence and wantonness as to .Hatcher’s hiring of White, and the complaint also alleged an agency relationship between Hatcher and White.
Our review of the evidence indicates that there is a question of fact as to whether Hatcher undertook a duty to provide transportation for all the students, including Paige. “The existence of a voluntarily assumed duty through affirmative conduct is a matter for determination in light of all the facts and circumstances.” Chandler v. Hospital Authority of the City of Huntsville, 548 So.2d 1384, 1387 (Ala.1989) (quoting Parker v. Thyssen Mining Constr., Inc., 428 So.2d 615, 618 (Ala.1983)).
We note that the trial court could have concluded that Brewer did not present substantial evidence sufficient to create a genuine issue of material fact as to whether White was acting as Hatcher’s agent on the date of the accident. In many situations, the factual conclusion that White was not Hatcher’s agent, i.e., that White was an independent contractor, would have led to the legal conclusion that Hatcher was not hable for White’s negligence or wantonness. See, e.g., Royal v. Safety Coatings, Inc., 655 So.2d 927 (Ala.1994). Under the general rule, therefore, the legal conclusion that White was an *166 independent contractor would support the summary judgment for Hatcher.
However, this case presents an exception to the general rule. In this case, we need not consider the factual question of whether White is an independent contractor, because even if White is an independent contractor, Hatcher is not shielded from liability. In Dixie Stage Lines v. Anderson, 222 Ala. 673, 134 So. 23 (1931), our Supreme Court addressed a similar claim for damages by a person injured on a bus operated by an independent contractor. The Court stated:
“In this case, if defendant was engaged to transport a party of students on a trip, the law imposed a duty on it to see that it was not done in a negligent manner so as to injure any of them. The defendant could not relieve itself of the responsibility for that duty by engaging the services of a contractor. The duty was to be performed by motorbus service, and the fact that defendant engaged by independent contract one of the buses, .in the negligent operation of which plaintiff was injured, did not relieve defendant from liability to plaintiff.”
222 Ala. at 675, 134 So. at 24. (Emphasis added.) See also Ex parte Hicks, 537 So.2d 486 (Ala.1988).
In light of Dixie Stage Lines, we conclude that Hatcher’s duty to transport the students was nondelegable as a matter of law. On the record before us, the trier of fact could determine that Hatcher did assume a duty to provide transportation to all the students, including Paige. The trier of fact could also conclude that Hatcher performed that duty by contacting White. Under the exception to the general rule of independent contractor liability in Dixie Stage Lines, White’s status as an independent contractor would not support a summary judgment for Hatcher.
The fact that the record does not affirmatively show that Brewer argued that Hatch-er’s duty was nondelegable does not affect this conclusion. The question of Hatcher’s duty is not a novel legal theory presented for the first time on appeal. In Altiere v. Blue Cross & Blue Shield, 551 So.2d 290 (Ala.1989), our Supreme Court considered an appeal of a summary judgment on claims of breach of contract and bad faith refusal to pay an insurance claim. On appeal, the plaintiffs argued for the first time that the defendant was entitled to coverage under a different • policy, a “conversion” policy that was offered when the policy the plaintiffs were claiming under was terminated. The Court stated:
‘When a summary judgment is appealed, this Court is limited to a review of the record alone and cannot consider assertions advanced for the first time in appellants’ brief to hold the trial court in error. Kemp Motor Sales, Inc. v. Lawrenz, 505 So.2d 377, 379 (Ala.1987). Therefore, we cannot consider the Altieres’ argument that a conversion policy offered upon termination of coverage under a group health care benefit plan must provide the same level of benefits as provided in the group contract, for this was not a theory or issue pleaded or raised in the trial court. Smiths Water Authority v. City of Phenix City, 436 So.2d 827 (Ala.1983).”
551 So.2d at 293. (Emphasis added.)
Brewer’s amended complaint places the question of Hatcher’s duty to transport the students squarely in issue before the trial court. Because Hatcher’s duty has been pleaded to the trial court, Altiere requires that this court consider the legal scope of that duty, including whether such duty was nondelegable.
When an issue is presented to the trial court, in this case the issue of duty, the trial court is presumed to know and apply the law with respect to that issue. Ex parte Slaton, 680 So.2d 909 (Ala.1996); Carter v. Carter, 666 So.2d 28 (Ala.Civ.App.1995). In the context of a summary judgment motion, the nonmovant is not required to argue law that the trial court is presumed to know— this Court reviews a summary judgment on the law and must reverse if the movant is not entitled to a judgment as a matter of law. “[A] trial court’s ruling on a summary judgment motion is a nondiscretionary ruling, and na presumption of correctness attaches to that ruling; accordingly, our review of the evidence properly presented in the record is de novo.” Stone v. Southland National In *167 surance Corp., 589 So.2d 1289, 1291 (Ala.1991). (Emphasis added.) See also Jones v. State Bd. of Pharmacy, 624 So.2d 613 (Ala.Civ.App.1993). ,“[E]ven when the evidence is uneontroverted, the movant must still be entitled to a judgment as a matter of law.” Smith v. Alabama Aviation & Tech. College, 683 So.2d 426, 430 (Ala.Civ.App.1995).
On the record before us, there is a question of fact as to the duty Hatcher assumed in undertaking to transport the students. Because that duty is nondelegable, Dixie Stage Lines, supra, Hatcher is not entitled to a judgment as a matter of law even if White is an independent contractor. Accordingly, the summary judgment for Hatcher is due to be reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., dissents.