MURDOCK, Justice
(concurring in part and dissenting in part).
I concur as to the affirmance of the summary judgment in favor of the emergency-room nurses. I respectfully dissent as to the affirmance of the summary judgment in favor of Colbert County Northwest Alabama Health Care Authority d/b/a Helen Keller Hospital (“HKH”) as it relates to HKH’s alleged liability for deficiencies in the care provided by its emergency-room physician, Dr. Preston Wigfall.
Even as to HKH, I am inclined to agree with some parts of the main opinion, including its conclusion that we should not find that HKH owed the decedent a non-delegable duty based strictly on regulations promulgated by the State Board of Health. I cannot agree with the view, however, that HKH did not owe a nondelega-ble duty in this particular case based on the fact that the hospital contractually agreed to provide emergency-room care to Melissa Bain’s husband, Heath. As the main opinion notes:
“In Boroughs v. Joiner, 337 So.2d 340 (Ala. 1976), this Court set forth the general rule that ‘“one is not ordinarily responsible for the negligent acts of his independent contractor. But this rule, as most others, has important exceptions.” ’ 337 So.2d at 342 (quoting Dixie Stage Lines v. Anderson, 222 Ala. 673, 675, 134 So. 23, 24 (1931)).
“ ‘One [such exception] is that an employer is responsible for the manner of the performance of certain non-delegable duties, though done by an independent contractor. An employer who by contract or law owes a specific duty to another cannot escape liability for a tortious performance by reason of the employment of an independent contractor.’
“General Fin. Corp. v. Smith, 505 So.2d 1045, 1047 (Ala. 1987) .... Regarding the existence of a duty, this Court has stated:
“ ‘ “A legal duty to exercise care, therefore, arises where the parties are bound by contract, Pugh v. Butler Telephone Co., [512 So.2d 1317 (Ala. 1987) ], or where the obligations are ‘expressly or impliedly imposed by statute, municipal ordinance, or by administrative rules or regulations, or by judicial decisions.’ 57 Am. Jur. 2d, Negligence § 36 at 382 (1988).”
“ ‘King v. National Spa & Pool Inst., Inc., 570 So.2d 612, 614 (Ala. 1990). . . .'
“Gowens v. Tys. S., 948 So.2d 513, 527-28 (Ala. 2006).”
233 So.3d at 963 (some emphasis added; some emphasis omitted).
The main opinion states that “Bain has not directed our attention to any language in [the] ‘paperwork’ whereby HKH took upon itself a contractual duty to provide *973 Heath with emergency physician services that fall within an applicable standard of care.” 233 So.3d at 967. But consistent with the above-quoted authority, and lest an agreement to provide medical services be rendered all but meaningless, such an agreement necessarily must imply an obligation to provide services that meet the applicable standard of care imposed by law. Although the breach of the duty gives rise to a claim in tort, the presence of that duty, and thus its nondelegability, arises in this case from the contract whereby the hospital agreed to provide emergency-room care to Heath. Having contractually undertaken to provide such care to Heath, the hospital cannot avoid that duty by contracting with a third party to stand in its place.
The fact situation in the present case is similar to that in Alabama Power Co. v. Pierre, 236 Ala. 521, 183 So. 665 (1938). In Pierre, the Pierres purchased from Alabama Power Company electrical fixtures for their new house. As an inducement to close on the purchase, Alabama Power agreed to install the fixtures at no charge. Alabama Power contracted with a third party to complete the actual installation; during the installation the subcontractors inadvertently set the house on fire. The Pierres sued Alabama Power, alleging that the installation of the fixtures was a non-delegable duty. This Court agreed and, citing Dixie Stage Lines v. Anderson, 222 Ala. 673, 134 So. 23 (1931), stated:
“In the Anderson Case, supra, after stating the rule of responsibility for the manner of performance of his non-dele-gable duties, though done by an independent contractor, it was further observed ‘that one who by his contract or by law is due certain obligations to another cannot divest himself of liability for a negligent performance by reason of the employment of such contractor.’ ...
“And the Anderson Case, supra, is authority also for the conclusion that in such a situation the ‘defendant is liable to plaintiff as though the contractor were the servant or agent of defendant.’
“Under plaintiffs’ evidence, therefore, in the light of this authority, defendant cannot escape responsibility for the negligent performance of the installation upon the theory that Bailey was an independent contractor. By contract this installation was a non-delegable duty on defendant’s part so far as these plaintiffs were concerned, and the contractor may be treated in law as the agent or servant of defendant, though as between the parties and in a strict legal sense such relationship did not in fact exist.”
236 Ala. at 525, 183 So. at 668 (emphasis added). See also Fuller v. Tractor & Equip. Co., 545 So.2d 757 (1989) (also relying upon Pierre and Anderson to the same effect). See generally Simmons v. Tuomey Reg’l Med. Ctr., 341 S.C. 32, 533 S.E.2d 312 (2000).
Furthermore, I am struggling with the no-apparent-authority conclusion, and especially with whether there is a genuine issue of fact in this regard. I find noteworthy the following excerpt from the main opinion:
“In Hardy [v. Brantley, 471 So.2d 358 (Miss. 1985) ], the court discussed cases from California, Montana, Arizona, Washington, and Ohio that held hospitals liable on a theory of vicarious liability and noted that
“ ‘[t]he basic rationale of these cases is that, unless there is some reason for a patient to believe that the treating physician in a hospital is an independent contractor, it is natural for him to assume that he can rely upon the reputation of the hospital as opposed to any doctor, which is the reason he goes there in the first place. These cases recognize his prerogative to make that assumption.’
*974 “471 So.2d at 370.
“The Mississippi Supreme Court stated ... as follows:
“ Where a hospital holds itself out to the public as providing a given service, in this instance, emergency services, and where the hospital, enters into a contractual arrangement with one or more physicians to direct and provide the service, and where the patient engages the services of the hospital without regard to the identity of a particular physician and where as a matter of fact the .patient is-relying upon the hospital to deliver the desired health, care and treatment, the doctrine of respondeat superior applies and the hospital is vicariously liable for damages proximately resulting from the neglect, if any, of such physicians.’
“471 So.2d at 371. The 'Mississippi Supreme Court noted that the rule was consistent with Restatement (Second) of Torts § 429 (1966), which was ‘consistent with the agency principle pf apparent authority long-recognized in [Mississippi].’ 471 So.2d at 370.”
233 So.3d at 961-62.
I believe the Mississippi Supreme Court correctly expressed the rationale upon why the doctrine of apparent authority is applicable in the present case. ■